Lawrence Brewster
Regional Solicitor
Daniel J. Chasek,
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#0818068)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

E-FILED 05/06/09

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,*<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>            Plaintiff,<br><br>            v.<br><br>**EAGLE SECURITY SERVICE, INC.**, a California corporation, **MOHSEN KAMEL**, individually and as managing agent of corporate defendant, and **LINA KAMEL**, individually and as managing agent of corporate defendant,<br><br>            Defendants. | Case No.: CV 08-3771 PSG (PJWx)<br><br>**CONSENT JUDGMENT** |

* Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure the caption of this action has been amended to reflect the appointment of Secretary Solis.

      Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants EAGLE SECURITY SERVICE, INC., a California corporation, MOHSEN KAMEL, individually and as managing agent of the corporate defendant and LINA KAMEL, individually and as managing agent of the corporate defendant

(collectively, "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

   A.   The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

   B.   Defendants have appeared by counsel and acknowledge receipt of a copy of the Secretary's Complaint.

   C.   Defendants admit that they violated the FLSA, as alleged in the Secretary's Complaint.

   D.   The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

   E.   Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

   It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

   ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

   1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at

which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants, jointly and severally, shall not continue to withhold the payment of $ 64,787.20 in unpaid overtime pay hereby found to be due under the FLSA to the employees named on the attached Exhibit 1. Exhibit 1 shows the name of each employee, the gross back wage amount due the employee and the period covered by the Consent Judgment; and it is further

ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered, pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), in favor of the Secretary and against the defendants in the total amount of $64,787.20 representing unpaid back wages as described in paragraph 3 above; and it is further

ORDERED, ADJUDGED, AND DECREED that the defendants, jointly and severally, shall not continue to withhold payment of $6,223.40 in unpaid civil money penalties assessed against the defendants and finally determined, pursuant to authority granted in FLSA § 16(e), 29 U.S.C. § 216(e), for violations of the overtime wage provisions of the FLSA during the period of January 11, 2005 to January 11, 2007; and it is further

ORDERED that to satisfy the monetary portions of this Judgment, the defendants, jointly and severally, shall not fail to deliver to the Secretary's authorized representatives (at the address below) an initial payment of $15,000.00 on or before June 30, 2009, with the balance including annual interest of 3% to be paid in 36 equal monthly installments thereafter starting on July 30, 2009. The installment payment schedule is set forth on the attached Exhibit 2. As shown on Exhibit 2, payments 1 – 32 shall be credited

towards the backwage portion of this Judgment, while the payments 33 – 36 shall be credited towards the civil penalties.

    a. All payments shall be delivered to the Secretary's authorized representatives at the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, on or before the date the payments are due as set forth in Exhibit 2;

    b. All payments due under the back wage portion of this Judgment shall be made by a certified or cashier's check or money order payable to the order of the "Wage & Hour Div., Labor" and with "Eagle Security-BWs" written thereon;

    c. All payments due under the civil penalty portion of this Judgment shall be made by a certified or cashier's check or money order payable to the order of the "Wage & Hour Div., Labor" and with "Eagle Security-CMPs" written thereon;

    d. There will be no prepayment penalty for any payments made prior to their due date;

    e. In the event of a default in the timely making of any of the payments required under this Judgment, the full amount which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary;

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion.  The Secretary shall be responsible for deducting from the amounts paid to said persons the employees' share of F.I.C.A. and federal income taxes, and for remitting said deductions to the appropriate federal agencies.  Any money not so paid within a period of one year from the date of receipt of the last such money due hereunder, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper

persons and upon such inability to pay within three years, shall then be deposited in the Treasury of the United States as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: 05-05-09

U.S. DISTRICT COURT JUDGE

For the Defendants:

Each defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

_____          _____
MOHSEN KAMEL                                                      Date


_____          _____
LINA KAMEL                                                              Date


For: Eagle Security Service, Inc.

By: _____          _____
     Authorized Agent                                        Date

Its: _____


Approved as to Form Only:


_____          _____
DANIEL EMILIO, Attorney                                       Date
EMILIO LAW GROUP
Attorneys for Defendants

For the plaintiff:

CAROL A. DE DEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____                    _____
BORIS ORLOV, Attorney                              Date
Attorneys for the Plaintiff

# Exhibit 1

| Name | Period Covered Hereby | | Amount |
|---|---|---|---|
| Aparicio-Morales, Luis Alonso | 1/7/2007 | 6/24/07 | $1,545.13 |
| Arita, Danny | 5/8/2005 | 7/24/2005 | $502.50 |
| Attalla, Fiby | 5/15/2006 | 10/16/2006 | $2,528.00 |
| Awad, Diana | 1/19/2007 | 1/26/2007 | $357.50 |
| Basta, Adel | 5/28/2006 | 1/7/2007 | $1,171.88 |
| Beshay, Gerges | 1/7/2008 | 4/13/2008 | $540.30 |
| Brenes, Ezra | 11/27/2005 | 8/20/2006 | $1,446.00 |
| Burrell, Andrew | 10/15/2005 | 4/6/2008 | $308.76 |
| Callejas, Eric | 4/24/2005 | 10/16/2005 | $823.44 |
| Chireboaga, Pablo D | 10/16/2005 | 7/14/2006 | $1,659.50 |
| Clark, Yancy | 1/13/2008 | 3/24/2008 | $119.13 |
| Darmasaputa, Hoggoo | 4/24/2005 | 1/7/2007 | $3,060.00 |
| Delattibodier, Ray | 4/24/2005 | 7/10/2005 | $508.00 |
| Dilelock, John | 9/3/2006 | 12/10/2006 | $630.00 |
| Ibrahim, Doaa | 11/20/2005 | 4/16/2006 | $914.75 |
| Elize, Thyra | 9/24/2006 | 1/7/2007 | $664.00 |
| Estrada, Sergio | 4/24/2005 | 5/15/2005 | $143.25 |
| Frazier-Bey, Hannibal | 7/24/2005 | 5/23/2006 | $1,607.88 |
| Garcia, Luswin | 5/21/2006 | 8/13/2006 | $562.00 |
| Gomez, Alfred | 4/24/2005 | 5/22/2005 | $201.88 |
| Harvey, Thomas | 6/27/2007 | 4/13/2008 | $403.48 |
| Hayes, Mario | 4/24/2005 | 11/29/2006 | $3,261.69 |
| Hernandez, Jose | 5/1/2005 | 8/7/2005 | $636.13 |
| Herrera-Vargas, Efrain | 5/22/2005 | 5/29/2005 | $99.50 |
| Jimenez, Yaznaya | 5/28/2006 | 1/7/2007 | $1,242.00 |
| Kenny, William | 4/24/2005 | 1/7/2007 | $3,097.19 |
| Kukwa, John | 12/16/2007 | 1/20/2008 | $105.49 |
| Liu, Xing | 5/29/2005 | 9/4/2005 | $608.75 |
| Marshall, Walther | 7/24/2005 | 4/16/2006 | $1,430.06 |
| Mclain, Michael | 8/14/2005 | 6/11/2006 | $1,595.81 |
| Melendez, Luis | 8/20/2006 | 3/10/2008 | $5,114.50 |
| Mishrky, George | 4/24/2005 | 1/7/2007 | $3,633.75 |
| Mixon, Vincent | 4/24/2005 | 7/10/2005 | $408.00 |

**Consent Judgment** (Sol#0918433)

| | | | |
|---|---|---|---|
| Molina, Miguel | 7/25/2005 | 2/18/2007 | $1,126.75 |
| Montalvo, Alfredo | 8/16/2005 | 12/25/2005 | $800.00 |
| Muswaya, Robert | 8/12/2007 | 3/16/2008 | $80.07 |
| Muzammil, Dawood | 9/17/2006 | 5/23/2007 | $1,590.00 |
| Onyike, Ugorji | 1/29/2006 | 1/7/2007 | $1,768.50 |
| Ovalle, Jose | 5/13/2007 | 5/20/2007 | $69.29 |
| Palacios, Edwin | 8/14/2007 | 9/12/2007 | $92.20 |
| Perez, Jose | 6/3/2007 | 2/11/2008 | $147.86 |
| Quinones, Antonio | 5/28/2006 | 7/16/2006 | $367.50 |
| Reynoso, Alejandro | 11/12/2006 | 5/17/2007 | $682.44 |
| Rivas, Josue | 10/15/2006 | 1/23/2007 | $1,812.50 |
| Rodriguez, Artemio | 10/15/2006 | 4/13/2008 | $1,368.60 |
| Rodriguez, Jose | 9/17/2006 | 3/25/2007 | $778.45 |
| Rorobi, John | 1/20/2008 | 4/11/2008 | $172.92 |
| Salib, Mouner | 3/26/2006 | 4/13/2008 | $3,853.61 |
| Samaan, Mecal | 4/24/2005 | 6/12/2005 | $255.00 |
| Sazo, Melvin | 1/15/2006 | 3/19/2006 | $470.63 |
| Shinuda, John | 9/18/2005 | 3/19/2006 | $980.63 |
| Talley, Angel | 10/30/2006 | 12/7/2006 | $500.00 |
| Toola, Yousuf | 7/3/2005 | 3/19/2006 | $1,331.25 |
| Torres, Amelio | 5/28/2006 | 11/25/2007 | $2,621.06 |
| Torres, Jose | 6/26/2005 | 8/7/2005 | $358.00 |
| Verla, Gertrude | 12/7/2006 | 12/14/2006 | $994.00 |
| Vidal, Paola | 12/8/2006 | 12/22/2006 | $150.00 |
| Wroten, David | 5/29/2005 | 11/2/2005 | $1,017.88 |
| Yefenyuy, Polycarp | 4/15/2007 | 4/23/2007 | $61.50 |
| Thomas, Tito | 6/4/2006 | 8/20/2006 | $408.00 |

**Consent Judgment** (Sol#0918433)

# Exhibit 2

Initial Payment: $15,000.00 due June 30, 2009

| PAYMENT NO. | DATE DUE | AMOUNT DUE | INTEREST DUE | TOTAL DUE |
|---|---|---|---|---|
| 1  | 07/30/2009 | 1,422.10 | 133.75 | 1,555.85 |
| 2  | 08/30/2009 | 1,425.66 | 130.19 | 1,555.85 |
| 3  | 09/30/2009 | 1,429.22 | 126.63 | 1,555.85 |
| 4  | 10/30/2009 | 1,432.79 | 123.06 | 1,555.85 |
| 5  | 11/30/2009 | 1,436.37 | 119.48 | 1,555.85 |
| 6  | 12/30/2009 | 1,439.97 | 115.88 | 1,555.85 |
| 7  | 01/30/2010 | 1,443.57 | 112.28 | 1,555.85 |
| 8  | 02/28/2010 | 1,447.17 | 108.68 | 1,555.85 |
| 9  | 03/30/2010 | 1,450.79 | 105.06 | 1,555.85 |
| 10 | 04/30/2010 | 1,454.42 | 101.43 | 1,555.85 |
| 11 | 05/30/2010 | 1,458.06 | 97.79  | 1,555.85 |
| 12 | 06/30/2010 | 1,461.70 | 94.15  | 1,555.85 |
| 13 | 07/30/2010 | 1,465.35 | 90.50  | 1,555.85 |
| 14 | 08/30/2010 | 1,469.02 | 86.83  | 1,555.85 |
| 15 | 09/30/2010 | 1,472.69 | 83.16  | 1,555.85 |
| 16 | 10/30/2010 | 1,476.37 | 79.48  | 1,555.85 |
| 17 | 11/30/2010 | 1,480.06 | 75.79  | 1,555.85 |
| 18 | 12/30/2010 | 1,483.76 | 72.09  | 1,555.85 |
| 19 | 01/30/2011 | 1,487.47 | 68.38  | 1,555.85 |
| 20 | 02/28/2011 | 1,491.19 | 64.66  | 1,555.85 |
| 21 | 03/30/2011 | 1,494.92 | 60.93  | 1,555.85 |
| 22 | 04/30/2011 | 1,498.66 | 57.19  | 1,555.85 |
| 23 | 05/30/2011 | 1,502.40 | 53.45  | 1,555.85 |
| 24 | 06/30/2011 | 1,506.16 | 49.69  | 1,555.85 |
| 25 | 07/30/2011 | 1,509.92 | 45.93  | 1,555.85 |
| 26 | 08/30/2011 | 1,513.70 | 42.15  | 1,555.85 |
| 27 | 09/30/2011 | 1,517.48 | 38.37  | 1,555.85 |
| 28 | 10/30/2011 | 1,521.28 | 34.57  | 1,555.85 |
| 29 | 11/30/2011 | 1,525.08 | 30.77  | 1,555.85 |
| 30 | 12/30/2011 | 1,528.89 | 26.96  | 1,555.85 |
| 31 | 01/30/2011 | 1,532.72 | 23.13  | 1,555.85 |

**Consent Judgment** (Sol#0918433)

| | | | | |
|---|---|---|---|---|
| 32 | 02/28/2012 | 1,536.55 | 19.30 | 1,555.85 |
| 33 | 03/30/2012 | 1,540.39 | 15.46 | 1,555.85 |
| 34 | 04/30/2012 | 1,544.24 | 11.61 | 1,555.85 |
| 35 | 05/30/2012 | 1,548.10 | 7.75 | 1,555.85 |
| 36 | 06/30/2012 | 1,551.78 | 3.88 | 1,555.85 |
| | **TOTALS:** | $53,500.00 | $2,510.41 | $56,010.41 |

**Consent Judgment** (Sol#0918433)